UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:23-cv-01099

JOHN DOE,

    Plaintiff,

v.

DUKE UNIVERSITY,

    Defendant.

JOINT RULE 26(f) REPORT

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), a meeting was held via video conference on February 26, 2024, and was attended by Artur Davis and Sunny Panyanouvong-Rubeck for Plaintiff John Doe, and Dixie T. Wells, Jeremy Falcone, and Derrick Foard for the Defendant Duke University.

2. <u>Discovery Plan.</u> The Parties propose to the Court the following discovery plan:

    A.    The "commencement date" of discovery will be upon entry of this Order.

    B.    Discovery will be needed on the following subjects:

        a. Whether Plaintiff was an employee of Defendant;

        b. Whether Defendant was deliberately indifferent to alleged sexual harassment experienced by Plaintiff;

        c. Whether Defendant engaged in any retaliatory conduct because Plaintiff had complained of sexual discrimination;

        d. Whether the Title IX proceeding was flawed and led to an erroneous outcome;

1

e. Whether gender bias motivated any of Defendant's actions;

f. Whether Plaintiff was disabled;

g. Whether Plaintiff was otherwise qualified to perform with or without reasonable accommodation;

h. Whether Plaintiff's alleged disability motivated any of Defendant's action;

i. Regarding the damages alleged by Plaintiff; and

j. Whether the alleged damages alleged by Plaintiff were caused by Defendant.

C. Discovery shall be placed on a case-management track established in LR 26.1. The Parties agree that the appropriate plan for this case (with the stipulated modifications by the Parties as set out below) is that designated in LR 26.1(a) as:

    \_\_\_\_\_Standard

    \_X\_\_Complex

    \_\_\_\_\_Exceptional

a. The date for the completion of all discovery (general and expert) is: December 21, 2024.

b. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be served by each party no later than March 21, 2024.

c. Stipulated modifications to the case management track include:

1. That instead of discovery being completed within six months from the commencement date established in the initial pretrial order, discovery will be completed by December 21, 2024. Because of anticipated expert discovery and the need to develop the factual record before expert reports are prepared, the Parties reasonably believe that discovery will take longer than the six-month period contemplated by the complex case-management track.

2. Recognizing that the complex track of discovery presumptively limits depositions to seven (7) depositions (including any experts) by the plaintiffs and by the defendants, the Parties would like the ability to mutually agree to as many as ten (10) depositions (including any experts) by the plaintiffs and by the defendants if the parties agree that additional depositions are necessary without seeking leave of court.

d. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

From Plaintiff by September 21, 2024.

From Defendants by November 1, 2024.

e. Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

3. <u>Mediation</u>.

   A. Mediation should be conducted midway in the discovery period, by September 1, 2024, the exact date to be set by the mediator after consultation with the Parties. The Parties agree that the mediator shall be Asa Bell.

4. <u>Preliminary Deposition Schedule</u>. Preliminarily, the Parties agree to the following schedule for depositions:

   A. The Parties contemplate that fact depositions generally should proceed after a reasonable period is allowed for written discovery, and before the time for Plaintiff to disclose expert reports, which is September 21, 2024.

   B. The Parties are in the process of discussing blocks of time (typically a week at a time) during which such depositions shall proceed to assist in scheduling and to reduce travel expenses.

   C. The deposition(s) of any expert witness(es) identified by Plaintiff as provided in Paragraph 2(B)(iii) above shall occur after such witness(es) provide a report as set forth in Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure and before October 15, 2024.

   D. The deposition(s) of any expert witness(es) identified by Defendants as provided in Paragraph 2(B)(iii) above shall occur after such witness(es)

provide a report as set forth in Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure and before December 21, 2024.

The Parties will update this schedule at reasonable intervals.

5. <u>Other items</u>.

   A. Plaintiff should be allowed until May 21, 2024, to request leave to join additional parties or amend pleadings.

   B. Defendant should be allowed until May 30, 2024, to request leave to join additional parties or amend pleadings.

   C. After these dates, the Court will consider, <u>inter alia</u>, whether the granting of leave would delay trial.

   D. The Parties should be allowed to alter any date set forth herein by agreement except that the Parties should not be allowed to alter the date for the close of all discovery by agreement and should not be allowed to alter any date that would, in effect, require the date for the close of all discovery to be altered.

   E. The Parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the Parties under 28 U.S.C. §§636(c), or appointment of a master:

   The Parties do not consent to either procedure.

   F. Trial of the action is expected to take approximately 5-7 days. A jury trial has been demanded.

5

G.  The Parties discussed whether the case will involve the possibility of confidential or sealed documents.

_____The Parties agreed that no documents in this case will be designated as confidential or filed under seal.

OR

___X__The case may involve confidential or sealed documents and the Parties have separately filed a LR 5.5 Report.

In addition, the Parties have negotiated a protective order that is being separately submitted to this Court to govern what documents are confidential and may be filed under seal and how those documents are to be treated in discovery.

H.  The basis of federal subject matter jurisdiction is federal question.

This the 12th day of March, 2024.

/s/ Sunny Panyanouvong-Rubeck
Sunny Panyanouvong-Rubeck
N.C. State Bar No. 39966

HKM Employment Attorneys LLP
3623 Latrobe Drive, Unit 122
Charlotte, NC 28211
Telephone: 980 734-3851
spanyanouvong-rubeck@hkm.com

/s/ Artur Davis
Artur Davis
ASB-3672-D56A

HKM Employment Attorneys LLP
2024 3rd Avenue North, Suite 307

/s/ Dixie. T. Wells
Dixie T. Wells
N.C. State Bar No. 26816
Jeremy Falcone
N.C. State Bar No. 36182
Derrick C. Foard
N.C. State Bar No. 54183
ELLIS & WINTERS LLP
300 North Greene Street, Suite 800
Post Office Box 2752
Greensboro, North Carolina 27402
Telephone: (336) 217-4193
Facsimile: (336) 217-4198
dixie.wells@elliswinters.com
jeremy.falcone@elliswinters.com
derrick.foard@elliswinters.com

6

Birmingham, AL 35203
Telephone: 205-881-0935
adavis@hkm.com

Counsel for Plaintiff

Counsel for Defendant Duke University