IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:23-cv-01099-LCB-JEP

| | |
|---|---|
| JOHN DOE, ) | |
| Plaintiff, ) | |
| v. ) | MOTION TO STAY |
| ) | PROCEEDINGS |
| DUKE UNIVERSITY ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION TO STAY PROCEEDINGS

Plaintiff **John Doe** hereby submits the following brief in support of Plaintiff's **Motion to Stay Proceedings**. Plaintiff respectfully moves the Court for an Order to grant a motion to stay of all proceedings for 90 days, allowing Plaintiff sufficient time to retain new counsel. In support of this Motion, Plaintiff states as follows:

## FACTUAL BACKGROUND

1. Plaintiff's counsel of record from **HKM Employment Attorneys LLP** has informed Plaintiff that they intend to file a motion to withdraw representation imminently. Despite Plaintiff's repeated requests for counsel to remain in the case, they have refused, leaving Plaintiff without representation during a critical juncture of the case.

2. This case involves **significant and high-stakes litigation**, including complex issues under **Title IX** and **Title VII**, related to same-sex sexual assault, retaliation, disability accommodation, and gender bias. The Plaintiff is currently facing severe deadlines, and multiple

1

discovery matters remain unresolved. Without legal representation, Plaintiff is at severe disadvantage in navigating these complex issues.

3. Plaintiff has already been informed by Defendant, Duke University, in a letter dated **September 12, 2024**, of their intention to pursue a **psychological examination** of the Plaintiff by **12:00 pm eastern time on Monday, September 16, 2024**, under **Rule 35** of the Federal Rules of Civil Procedure. Duke University's letter set forth a seeming ultimatum, stating:

> "I write to notify you that Duke University will no longer agree to resolve this litigation...if Duke University does not receive a document signed by Plaintiff agreeing to settle this matter pursuant to the above-referenced terms by 12:00 pm eastern time on Monday, September 16, 2024."

Duke University further emphasized:

> "Further, if Plaintiff does not indicate in writing that he agrees to settle this matter pursuant to the above-referenced terms by 12:00 pm eastern time on Monday, September 16, 2024, Duke intends to proceed with a psychological examination of Plaintiff."

Duke University's letter continued, threatening to file a motion to compel this examination:

2

"If Plaintiff chooses not to proceed with the settlement, please let us know whether Plaintiff will agree to submit to a psychological examination on...by 12:00 pm eastern time on Monday, September 16, 2024. If Plaintiff does not indicate in writing that he agrees to settle this matter pursuant to the above-referenced terms and has not indicated agreement to submit to a psychological examination...then Duke will proceed with filing a motion pursuant to Rule 35 of the Federal Rules of Civil Procedure for a psychological examination of the Plaintiff."

4. If the Plaintiff's mental condition is genuinely in question, the examination should be requested in good faith. By linking the Rule 35 motion with the settlement, Duke University created a situation where not accepting a settlement meant having to be subjected to an examination that could be invasive, distressing, or used against Plaintiff in the litigation.

5. Further, Plaintiff's current counsel previously indicated their **clear intent** to oppose any such Rule 35 motion, referring to such attempts as not-in-good-faith, unprincipled "tactics" employed by Duke University.

6. Notably, the timing of Plaintiff's counsel's motion to withdraw **coincides directly** with Duke University's imposed deadline.

7. This leaves Plaintiff without legal representation at a critical juncture, potentially causing **irreversible prejudice** as Plaintiff must navigate complex legal proceedings—including

3

a psychological examination that could have irreversible consequences on the outcome of the case—without the benefit of counsel. This sudden withdrawal threatens to cause **substantial** and **irreparable** harm to Plaintiff's legal standing, rights, and future opportunities to obtain justice.

8. There are additional outstanding discovery matters in this case. Plaintiff is now at risk of being unable to adequately address these critical matters without legal representation.

9. Due to the **late stage of this litigation**, Plaintiff urgently requires time to retain new counsel who can fully review and assess the **complex legal and factual matters** involved in this case. The 90-day stay is essential to protect Plaintiff's legal rights and to avoid prejudice during this critical period.

## LEGAL GROUNDS FOR STAY

A stay is necessary to protect the Plaintiff's rights and prevent **undue prejudice** while allowing time to secure new representation. Under **Local Rule 83.1(e) of the Middle District of North Carolina**, the Court has discretion to grant counsel's withdrawal and to impose conditions that protect the client's interests. The withdrawal of counsel in this case, without a stay, would severely prejudice the Plaintiff's ability to adequately respond to pending motions, discovery deadlines, and Defendant's proposed actions.

Furthermore, **Duke University** has already signaled its intent to pursue a **Rule 35** psychological examination, a complex issue that Plaintiff cannot navigate effectively without counsel. Courts routinely grant a stay of proceedings to avoid placing undue hardship on litigants who are left unrepresented, particularly where the stakes are as high as they are in this case.

4

# ARGUMENT

1. **Preventing Prejudice to Plaintiff**: If this case proceeds without a stay, Plaintiff will be required to meet critical deadlines, address outstanding discovery issues, address any additional discovery requests, and respond to Defendant's intended **Rule 35** motion for a psychological examination, all without legal representation. This would leave Plaintiff in a position of significant disadvantage and severely prejudice the case's outcome.

2. **Complex Legal Issues Involved and Public Interest**: This case involves complex claims under **Title IX** and **Title VII**, including serious allegations of **same-sex sexual assault**, **retaliation, gender bias**, and **disability accommodations** under the **Rehabilitation Act**. Given the severity of these claims and their potential to set legal precedents, Plaintiff requires competent legal counsel to ensure the issues are properly addressed. The case carries significant public interest implications, potentially shaping university policies on handling sexual misconduct, discrimination, and student protections. Plaintiff requires competent legal counsel to ensure these issues are thoroughly and adequately addressed, and a stay would protect the integrity of these important legal proceedings.

3. **Time to Secure New Counsel**: Plaintiff is actively seeking new counsel to take over this matter. However, given the complexity of the case and its advanced stage, it is essential that Plaintiff be provided adequate time to secure representation. A 90-day stay will allow new counsel to review the case thoroughly and ensure that all discovery and case matters are appropriately addressed and managed.

4.      **The Stay Will Not Unfairly Prejudice the Opposing Party**: Granting a 90-day stay will not unduly prejudice Defendant. Any minor delay resulting from this stay is outweighed by the substantial harm that Plaintiff would face if forced to proceed unrepresented at this critical juncture. Defendant is free to continue preparing its case during the stay, and it will have ample opportunity to pursue its legal arguments following the stay. Allowing time for thorough preparation may benefit both parties by ensuring a more efficient legal process once proceedings resume.

5.      **The Stay Will Serve Judicial Economy**: Granting a stay will promote judicial efficiency by preventing rushed proceedings that could lead to errors, appeals, or retrials, which would consume more court resources. With additional time, new counsel can streamline the case by reducing motions and objections, and potentially facilitate settlement discussions, saving resources for both parties and the court. Given the complexity of Title VII and Title IX cases, comprehensive preparation is crucial to avoid fragmented proceedings and ensure all issues are addressed cohesively.

6

Case 1:23-cv-01099-LCB-JEP   Document 26   Filed 09/23/24   Page 6 of 8

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court grant a 90-day stay of all proceedings to allow Plaintiff sufficient time to retain new counsel and ensure a fair and just resolution of this matter.

**Dated**: September 23, 2024.

Respectfully submitted,

*/s/ John Doe*

John Doe

Address Redacted

7

Case 1:23-cv-01099-LCB-JEP   Document 26   Filed 09/23/24   Page 7 of 8

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2024, a true and correct copy of the foregoing Motion to Stay Proceedings was served on all parties to this action by filing the same with the Clerk of Court using the CM/ECF system, which caused a notification of such filing to all parties of record.

John Doe

Address Redacted

Dated: September 23, 2024

Respectfully submitted,

John Doe

Address Redacted