IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN DOE,

    Plaintiff,

v.                                      1:23CV1099

DUKE UNIVERSITY,

    Defendant.

**ORDER**

    This matter comes before the Court on several discovery-related motions. First, Defendant Duke University has filed a Motion to Compel Psychological Examination of Plaintiff John Doe pursuant to Federal Rule of Civil Procedure 35(a) [Doc. #32, #41]. Having considered the motion and other matters of record, the Court finds good cause for granting this motion. It is clear that Plaintiff has put his mental state in controversy, and a psychological examination is highly relevant to the issues raised. Plaintiff's allegations involve multiple mental health professionals, beyond the ability of the average lay person to evaluate, and Plaintiff does not dispute that his mental health is in controversy. Defendant has further shown that it cannot obtain the information by other means, and in particular that deposition of Plaintiff's treating providers is not sufficient, given the evidence of Plaintiff's failure to fully disclose his prior psychiatric treatment to his providers. Based on the evidence presented, Defendant has shown the necessity of an examination. Further, Plaintiff has not shown that Dr. Reardon is not qualified, nor is there any indication of personal bias or prejudice. Therefore, if Plaintiff intends to pursue damages for emotional distress or mental anguish, or

otherwise rely on mental-health related symptoms or diagnoses, he must submit to a psychological examination by Dr. Reardon. That examination may take up to 7 hours, plus breaks, and may be spread over two days if needed to allow for sufficient breaks, and may not be attended by any third parties, and must be conducted during March 2025 at Dr. Reardon's office, with the scope of the examination as outlined in Dr. Reardon's Declaration. Counsel for Plaintiff is directed to work with counsel for Defendant to select two days during March 2025 for the examination.

The Court notes that Defendant also filed a Motion to Expedite or Extend Deadlines [Doc. #86]. In order to allow sufficient flexibility for scheduling the independent examination, the Court will grant the request to extend Defendant's deadline for expert reports or disclosures to April 30, 2025. All other deadlines remain as previously set.

Defendant has also filed a Motion to Compel Discovery Responses [Doc. #58]. The Court anticipates that most of these issues can be resolved by further discussion between counsel. The Court notes that all of Plaintiff's health records, educational records, and recent employment would appear relevant, at least for purposes of discovery, and most of these requests were the subject of prior agreements with Plaintiff's former counsel or other prior discussions in this case. Therefore, the Court will direct counsel to meet and confer to address these issues further, to ensure that Plaintiff has complied with his discovery obligations, and to confirm whether any documents or information are being withheld on the basis of objections, as required by Rule 34(b)(2)(C). If the discovery dispute is resolved, the Court will not require payment of fees and expenses under Rule 37(a)(5), given the recent appearance of new counsel for Plaintiff. If the discovery dispute is not resolved, it will be addressed at a

2

hearing on April 2, 2025 at 10:00 a.m. The parties are directed to meet and confer by March 19, 2025, and file a Joint Status Report by March 26, 2025, setting out the status of the dispute and, if any disputes remain, the position of each party on those remaining disputes. If there are no disputes remaining the hearing will be cancelled.

The Court notes that Defendant filed Motions to Seal [Doc. #40, #60, #81, #84], but Plaintiff has not yet filed supporting information as required by Local Rule 5.4(c)(4)(b). The Court will allow Plaintiff until March 21, 2025, to make the required showing in support of the requests to seal. If no such showing is made, the Motions to Seal will be denied and the sealed filings will be unsealed.[1]

Finally, the Court notes that Plaintiff has filed a Motion to Proceed Using a Pseudonym [Doc. #77]. Plaintiff is now represented by counsel, which makes that request more feasible, and counsel for Plaintiff have made an appropriate showing to support the request. The request is appropriate to preserve privacy in a matter of a sensitive and highly personal nature, identification would pose a risk of additional mental harm to Plaintiff, the action involves private parties, and there is no unfairness to Defendant as long as Plaintiff agrees that his identity can be revealed if necessary under seal or subject to appropriate confidentiality agreements to enable discovery to proceed. Indeed, it is likely that allowing Plaintiff to proceed using a pseudonym will reduce the amount of material to be sealed, so that only his name and identifying details are redacted. At this point, based on the information submitted the Court finds a sufficient basis to allow the request, and further finds that the request is

---

[1] It may be possible for the documents to be unsealed if Plaintiff's name is redacted. Counsel for Plaintiff should address this possibility in narrowing the sealing requests.

feasible given the appearance of counsel for Plaintiff, but counsel for Plaintiff must confer with counsel for Defendant to ensure that Defendant is not prejudiced in proceeding with discovery.

IT IS THEREFORE ORDERED that the Motion to Compel Examination [Doc. #32, #41] is GRANTED, and if Plaintiff wants to pursue damages for emotional distress or mental anguish, or otherwise rely on mental-health related symptoms or diagnoses, he must submit to a psychiatric examination by Dr. Reardon during March 2025, as set out above.

IT IS FURTHER ORDERED that Defendant's Motion to Expedite or Extend Deadlines [Doc. #86] is GRANTED to the extent that Defendant's deadline for expert reports or disclosures is extended to April 30, 2025. All other deadlines remain as previously set.

IT IS FURTHER ORDERED that the Motion to Proceed Using a Pseudonym [Doc. #77] is GRANTED, but can be addressed further if Defendant is prejudiced in the ability to proceed with discovery after further discussion by the parties.

IT IS FURTHER ORDERED that with respect to the Motions to Seal [Doc. #40, #60, #81, #84], Plaintiff has until March 21, 2025, to file the information required by Local Rule 5.4(c)(4)(b), and if no such showing is made, the Motions to Seal will be denied and the sealed filings will be unsealed

IT IS FURTHER ORDERED that the Motion to Compel Discovery [Doc. #58] is set for a hearing on Wednesday, April 2, 2025, at 10:00 a.m. in Courtroom 3 of the Federal Courthouse in Winston-Salem, North Carolina. The Parties must meet and confer by March 19, 2025, to attempt to resolve the dispute in light of the guidance here, and must file a Joint

Status Report by Wednesday, March 26, 2025, setting out each party's position as to any remaining matters in dispute. If no disputes remain, the hearing will be cancelled.

This, the 7th day of March, 2025.

                                                    /s/ Joi Elizabeth Peake
                                                    Joi Elizabeth Peake
                                                  United States Magistrate Judge