IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:23-cv-01099-LCB-JEP

| | |
|---|---|
| JOHN DOE, | )<br>) |
| Plaintiff, | )<br>) **PLAINTIFF JOHN DOE'S** |
| v. | ) **RESPONSE TO DEFENDANT DUKE**<br>) **UNIVERSITY'S MOTIONS TO SEAL** |
| DUKE UNIVERSITY, | )<br>) |
| Defendant. | )<br>) |

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Local Civil Rule 5.4(c)(3) and 5.4(c)(4)(b), Plaintiff, through undersigned counsel, hereby responds to Defendant Duke University's ("Duke") Motions to Seal [DE 40, 60, 81, 84], and joins in Duke's request to seal Defendant's associated filings and exhibits attached to the Motions as the privacy protections afforded to Plaintiff under HIPPA, the attorney-client privilege, and Plaintiff's ability to remain anonymous in the eyes of the public significantly outweigh the public's interest in having access to said information.

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiff is a former Ph.D. student and research assistant in the Fuqua School of Business at Defendant Duke University ("Duke"). Plaintiff is a survivor of a sexual assault by one of his faculty advisors. In the aftermath of this violence, Plaintiff has been diagnosed with psychological trauma that has unraveled his academic career, his professional future, and his mental and physical health. Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 43 U.S.C.A § 2000e-2(a), Title IX of the Education Amendments of 1972 20 U.S.C.A. § 1681(a) ("Title IX"), and the Rehabilitation Act of 1973, 29 U.S.C.A. § 794 based on the discriminatory and retaliatory conduct to which Plaintiff was subjected by Duke.

1

## STATEMENT OF FACTS

Plaintiff, John Doe ("Doe" or "Plaintiff"), respectfully requests that this Court grant Defendant's Motions to Seal as the various filings, and exhibits thereto, filed by Defendant, contain highly sensitive information to which Plaintiff is afforded protections under HIPPA. Defendant has filed communications that were exchanged between Plaintiff's former, pre-suit counsel, which are subject to the attorney-client privilege and contain Plaintiff's name, not his pseudonym. Defendant has also filed motions setting forth the time and date of a psychological examination requested by Duke and granted by this Court, the publication of which to the public could lead to the public's discovery of Plaintiff's true identity. The Court's sealing of this information is necessary to protect the interests of Plaintiff's privacy interests and allow Defendant to pursue discovery in an efficacious manner, which outweighs any public interest in the same.

## ARGUMENT

Plaintiff objects to the unsealing of all information and documentation cited by Duke and included as exhibits to its Motions to Seal filed on January 3, 2025 [DE 40], January 24, 2025 [DE 60], February 26, 2025 [DE 81], and February 28, 2025 [DE 84]. Plaintiff requests that this Court the above-noted motions to seal as the motions contain information and exhibits that contain (1) sensitive, personal medical information regarding Plaintiff's mental and physical health; (2) personally identifiable information that would result in the unveiling of Plaintiff's identity; and (3) information regarding the time, date, and location of a psychological examination ordered by this Court, which could lead the public to discovery Plaintiff's identity.

This Court has recently recognized the importance of sealing sensitive medical information of parties over disseminating it to the public. In *Kadel v. Howell*, this Court discussed the need to balance the private interests of a party with the public interest in ruling on a motion to seal.

> A motion to seal "presents the seeming tension between several legitimate interests." Va. *Dep't of State Police v. Washington Post*, 386 F.3d 567, 574 (4th Cir. 2004). On one hand, the public has a right, derived from both common law and the First Amendment, "of public access to documents or materials filed in a district court." *Id*. at 575. On the other hand, individuals have an interest in keeping sensitive medical information private. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 487 (4th Cir. 1992); *Boone v. Bd. of Governors of Univ. of N.C.*, 395 F. Supp. 3d 657, 665 (M.D.N.C. 2019), aff'd, 858 F. App'x 622 (4th Cir. 2021). Congress and the State of North Carolina have recognized the significance of an individual's interest in keeping medical information private, see 42 U.S.C. § 1320d-6(a); N.C. Gen. Stat. § 58-2-105(a), and the Fourth Circuit has held that such information "should receive scrupulously confidential treatment" when it concerns subject matter that faces public stigma, *Watson*, 974 F.2d at 487.

*Kadel v. Folwell*, 620 F. Supp. 3d 339, 390 (M.D.N.C. 2022).

In *Kadel*, this Court was presented with weighing whether to seal medical information of transgender plaintiffs regarding their gender dysmorphia and transitions, information of the "most intimate and sensitive nature". *Id*. at 390. The Court aptly recognized if the Court denied sealing the medically sensitive information, it "could have a chilling effect on future litigants who want to challenge unlawful discrimination but do not want their personal and private medical history put on display." *Id.* at 391.

In addition to sensitive medical information of Plaintiff, Duke, in its various motions, cited and attached pre-suit email communications between Plaintiff and his prior counsel, which was presumably produced by mistake by prior litigation counsel in discovery. Any written correspondence between Plaintiff and his pre-suit counsel would bear Plaintiff's true name. As such, Plaintiff requests that this Court grant the Motions to Seal to specifically preclude the

3

disclosure of his personally identifiable information to the public in a matter where Plaintiff has specifically been granted the ability to proceed in this matter under a pseudonym.

Finally, Plaintiff specifically requests that this Court seal any documentation and information, specifically filed by Duke that reveals the time, place, and location of the psychological examination sought by Duke and ordered by this Court. Certainly, should this information be unsealed, it will allow any member of the public to attempt to locate Plaintiff on his way to and from the examination and discover his identity. Given the especially sensitive nature of the psychological examination, it is of the utmost importance that Plaintiff is not subjected to harassment, threats, or embarrassment by members of the public who may take an interest in his case.

In the instant matter, Duke affirmatively filed Motions to Seal in this matter for the purposes of seeking a psychological examination of Plaintiff and discovery from Plaintiff. Duke specifically cited and attached sensitive medical information of Plaintiff, personally identifiable information, and information regarding Plaintiff's future whereabouts, in order to support its various discovery motions. While Plaintiff does not disagree with Duke's citation of this information to set forth its arguments in its discovery motions, Plaintiff objects to the unsealing of the same as it will serve to embarrass, harass, and harm Plaintiff, a victim of sexual assault, discrimination, and retaliation.

## **CONCLUSION**

WHEREFORE, Plaintiff John Doe respectfully requests that the Court grant Defendant's Motions to Seal.

Respectfully submitted, this the 21st day of March, 2025.

BY: /s/ Jordan Nicole Leslie Tenley
MATTHEW R. GAMBALE
N.C. Bar No. 43359
JORDAN NICOLE LESLIE TENLEY
N.C. Bar No. 51787
OSBORN GAMBALE BECKLEY & BUDD PLLC
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
matt@counselcarolina.com
jordan@counselcarolina.com
T: 919.373.6422
F: 919.578.3733

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system, which system will automatically generate and send a Notice of Electronic Filings to the undersigned filing user and registered users of record in the matter, as follows:

Dixie T. Wells
Derrick C. Foard
Ellis & Winters LLP
300 N. Greene Street, Suite 800
Post Office Box 2752
Greensboro, NC 27402
Dixie.wells@elliswinters.com
Derrick.foard@elliswinters.com
*Attorneys for Defendant*

Respectfully submitted, this the 21st day of March, 2025.

BY: /s/ Jordan Nicole Leslie Tenley
MATTHEW R. GAMBALE
N.C. Bar No. 43359
JORDAN NICOLE LESLIE TENLEY
N.C. Bar No. 51787
OSBORN GAMBALE BECKLEY & BUDD PLLC
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
matt@counselcarolina.com
jordan@counselcarolina.com
T: 919.373.6422
F: 919.578.3733

6

# CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that this response in support of Defendant's Motions to Seal complies with the word limit requirements of Rule 7.3(d)(1) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina. In making this certification, the undersigned has relied upon the word count feature of word processing software.

This the 21st day of March, 2025.

BY: /s/ Jordan Nicole Leslie Tenley
JORDAN NICOLE LESLIE TENLEY