UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:23-cv-01099

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>DUKE UNIVERSITY,<br><br>    Defendant. | **STATUS REPORT REGARDING REMAINING DISPUTES CONCERNING DEFENDANT'S MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS** |

Pursuant to this Court's March 7, 2025 Order [DE 89], the Parties file this Status Report regarding the remaining issues arising out of Defendant Duke University's ("Duke's") Motion to Compel Discovery Responses [DE 58]. Counsel for the Parties met and conferred via Teams Meeting on March 13, 2025, via email, and again via Teams Meeting on March 26, 2025.

As part of the meet and confer process, Counsel for Plaintiff agreed to the following:

1. To supplement the Plaintiff's response to Duke's First Set of Interrogatories No. 12 to identify Plaintiff's mental health provider(s) from whom he received psychiatric treatment from 2011 to 2018, and any other providers with whom Plaintiff treated from 2011 to 2021. Plaintiff provided a supplemental response to Interrogatory No. 12 on March 26, 2025.

2. In lieu of providing documents in response to Duke's First Set of Document Requests No. 10—which sought medical records and office notes related to psychiatric treatment Plaintiff received in the ten years pre-dating the alleged sexual

1

assault and medical records related to treatment Plaintiff received from medical providers identified in Plaintiff's complete response to Duke's First Set of Interrogatories No. 12—Plaintiff's counsel agreed to have Plaintiff provide signed and completed HIPAA-compliant releases for each provider identified in the responses to Duke's First Set of Interrogatories No. 12 by March 26, 2025. Plaintiff's counsel acknowledged that Duke had already sent draft HIPAA releases to Plaintiff to review, complete, and sign, and stated that most of the releases had already been signed by Plaintiff himself but that Plaintiff needed to first supplement his response to Interrogatory No. 12 before the HIPAA releases would be completed and produced to Duke.

Such releases were to include completed and signed HIPAA releases addressed to (1) Harvard University Health Services to allow Duke to directly request Plaintiff's medical records related to treatment he received between June 28, 2021 through present; (2) Duke University, including Duke Student Health, Duke CAPS, Duke Hospital, and Duke Triangle Heart Associates to allow Duke to directly request Plaintiff's medical records related to treatment he received between June 28, 2021 through present; (3) Cary Counseling Center to allow Duke to directly request Plaintiff's medical records related to treatment he received between June 28, 2021 through present; (4) UNC Health Emergency Department to allow Duke to directly request Plaintiff's medical records related to treatment he received

between June 28, 2021 through present, and: (5) any other entity identified in the supplemental response to Duke's First Set of Interrogatories No. 12.

As of the filing of this Status Report, Plaintiff has provided signed HIPAA releases for (1) Harvard University Health Services; (2) Duke University, including Duke Student Health, Duke CAPS, Duke Hospital, and Duke Triangle Heart Associates; (3) Cary Counseling Center; (4) UNC Health Emergency Department, and: (5) one other entity identified by Plaintiff from whom he sought treatment following the alleged assault.

3. In response to Duke's First Set of Document Requests Nos. 19 and 35, Plaintiff's counsel agreed that there was no basis to withhold draft letters that Plaintiff exchanged with Dr. Daniel Wurzelmann, and any other records not protected by attorney-client privilege or work product protection that are responsive to the request. Plaintiff's counsel agreed to produce such documents by March 26, 2025. Plaintiff's counsel provided a supplemental document production on March 26, 2025, and has represented that the document production includes such documents.

4. In response to Duke's First Set of Document Requests No. 19—which sought non-privileged communications and documents reflecting communications, including but not limited to text message conversations that Plaintiff had with other individuals concerning the subject matter of this action, and any other non-privileged communications and documents that are responsive to this request—Plaintiff's counsel has agreed to produce discoverable text

3

messages/communications responsive to this request with the exception of those that are protected by work product protection and to provide a privilege log of those not subject to discovery. Plaintiff's counsel provided a supplemental document production on March 26, 2025, and has represented that the document production includes some such documents and that others will be produced by April 2, 2025.

5. In response to Duke's First Set of Documents Requests No. 26—which sought text message and email conversations between Plaintiff and his mother, or any other family members regarding the alleged sexual assault and Duke's treatment of Plaintiff thereafter, and any other communications and documents that are responsive to this request—Plaintiff's counsel has agreed to produce some such documents but contends that other such documents are protected by work product protection. Plaintiff's counsel has agreed to produce the discoverable texts/communications and to provide a privilege log of those not subject to discovery by March 26, 2025. Plaintiff's counsel provided a supplemental document production on March 26, 2025, and has represented that the document production includes some such documents and that others will be produced by April 2, 2025.

6. In response to Duke's First Set of Document Requests No. 35—which sought Plaintiff's journal that is referenced in medical records related to Plaintiff's treatment with his therapist, Dr. Bryce Kaye, following the alleged sexual assault, and any other notes, diaries, journals, and other documents that are responsive to

4

this request—Plaintiff says that the journal was lost during his move from his last Duke apartment to his current residence and therefore cannot be produced. Plaintiff has indicated that he took notes during his appointments with Dr. Kaye and will be producing his personal notes form those visits by April 2.

7. In response to Duke's First Set of Document Requests No. 46—which sought Plaintiff's payroll records, income tax returns, W-2 forms and paystubs for the last ten years—Plaintiff's counsel agreed to inquire of Plaintiff what he has and to produce such records that he has. Plaintiff's counsel also agreed to request such documents from the North Carolina Department of Revenue and from the Internal Revenue Service. Plaintiff's counsel provided a supplemental document production on March 26, 2025, and has represented that the document production includes evidence of Plaintiff's requests for relevant documents from the IRS.

8. .

9. Plaintiff's counsel agreed to provide written responses to Duke's Third Set of Requests for Production of Documents by March 26, 2025. Plaintiff provided written responses to Duke's Third Set of Requests for Production of Documents on March 26, 2025.

10. In response to Duke's Third Set of Document Requests No. 1—which sought Plaintiff's emails with Professor Sa-Kiera Hudson or anyone acting on her behalf regarding Plaintiff's employment with Professor Hudson beginning in March 2024 as Plaintiff testified in his deposition— Plaintiff's counsel agreed to produce such

documents. Plaintiff's counsel provided a supplemental document production on March 26, 2025, and has represented that the document production includes such documents.

11. In response to Duke's Third Set Document Requests No. 2—which sought all communications with University of California regarding Plaintiff's employment there from March 2024 to the present— Plaintiff's counsel agreed to produce such documents. Plaintiff's counsel provided a supplemental document production on March 26, 2025, and has represented that the document production includes such documents.

12. In response to Duke's Third Set of Document Requests No. 3—which sought all documents, including Plaintiff's employee I.D. card from the University of California at Berkeley, regarding Plaintiff's employment by the University of California at Berkeley— Plaintiff's counsel agreed to produce such documents. Plaintiff's counsel provided a supplemental document production on March 26, 2025, and has represented that the document production includes such documents.

13. In response to Duke's Third Set of Document Requests No. 4 and No. 5—which sought communications sent to and received from the North Carolina Division of Employment Security regarding Plaintiff's application for unemployment benefits that he testified applying for/receiving— Plaintiff's counsel agreed to search for and produce such documents. Plaintiff's counsel provided a supplemental document

6

production on March 26, 2025, and has represented that the document production includes such documents.

14. In response to Duke's Third Set of Document Requests No. 6—which sought emails or text messages that Plaintiff sent requesting research and other positions with professors, educational institutions, or research institutions whether paid or unpaid after he was dismissed from Duke— Plaintiff's counsel agreed to search for and produce such documents by April 2, 2025.

15. In response to Duke's Third Set of Document Requests No. 7—which sought communications regarding applications, including prospective applications, to graduate school programs after Plaintiff was dismissed from Duke— Plaintiff's counsel agreed to search for and produce such documents. Plaintiff's counsel provided a supplemental document production on March 26, 2025, and has represented that the document production includes such documents.

16. In response to Duke's Third Set of Document Requests No. 8—which sought documents showing payment of union dues from August 2020 to the present— Plaintiff's counsel agreed to search for and produce such documents. Plaintiff has since indicated that he was never asked for payment of union dues and never paid union dues. Plaintiff's counsel provided a supplemental document production on March 26, 2025, and has represented that the document production includes documents reflecting union membership.

17. Counsel for the Parties agreed that Duke could serve subpoenas disclosing Plaintiff's true identity pursuant to the procedures set forth in Rule 45, but Plaintiff would prefer if the subpoenas could be accompanied by an order directing the recipients of the subpoenas to take reasonable steps to keep Plaintiff John Doe's real identity confidential. The Parties conferred regarding a proposed order and submitted a joint motion seeking entry of the proposed order to this Court on March 21, 2025 [DE 91 and 91-1].

As of the filing of this status report, and based on the representations of Plaintiff's counsel, Counsel for the Parties do not believe that there is any further dispute about the information and documents that ought to be produced. However, because the supplemental discovery responses were produced in the afternoon of March 26 and because Plaintiff's supplemental document production made on that same day totals more than 1,000 pages already (and further supplementation is expected), counsel for the Parties agree it would be fair for Defendant's counsel to have a reasonable opportunity to review the supplementation before the Court withdraws their opportunity to be heard.

Therefore, subject to the Court's approval, the Parties request that the hearing currently scheduled for April 2 remain on the Court's calendar with the possibility left open that a further status report from the Parties before then may give cause for the Court to remove the hearing from the calendar.

This ____ day of _____, 2025.

8

Case 1:23-cv-01099-LCB-JEP    Document 92    Filed 03/26/25    Page 8 of 9

/s/ Jordan Nicole Leslie Tenley
Matthew R. Gambale
N.C. State Bar No. 43359
Jordan Nicole Leslie Tenley
N.C. State Bar No. 51787
Osborn Gambale Beckley & Budd PLLC
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
Phone: (919) 373-6422
Fax: (919) 578-3733
matt@counselcarolina.com
jordan@counselcarolina.com

Counsel for Plaintiff

/s/ Dixie. T. Wells
Dixie T. Wells
N.C. State Bar No. 26816
Derrick C. Foard
N.C. State Bar No. 54183
Ellis & Winters LLP
300 North Greene Street, Suite 800
Post Office Box 2752
Greensboro, North Carolina 27402
Telephone: (336) 217-4193
Facsimile: (336) 217-4198
dixie.wells@elliswinters.com
derrick.foard@elliswinters.com

Counsel for Defendant Duke University