UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:23-cv-01099

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>DUKE UNIVERSITY,<br><br>    Defendant. | **STATUS REPORT REGARDING REMAINING DISPUTES CONCERNING DEFENDANT'S MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS** |

Pursuant to this Court's March 7, 2025 Order [DE 89] and March 31, 2025 Text Order, the Parties file this Status Report regarding the remaining issues arising out of Defendant Duke University's ("Duke's") Motion to Compel Discovery Responses [DE 58]. As noted in the Status Report filed on March 26, 2025 [DE 92], Plaintiff served and produced supplemental discovery responses, including more than 1,000 pages of documents on the afternoon of March 26th. Upon completion of Defense counsel's review of Plaintiff's supplemental responses and production, Defense counsel promptly emailed Plaintiff's counsel on March 29th and 30th and identified the remaining discovery issues based on the parties' agreement documented in the joint status report [DE 92] and documents that were not produced in Plaintiff's supplemental production. Plaintiff's counsel advised that they would continue gathering all responsive documents as they had agreed. Counsel agree that there is no dispute as to what categories of documents Plaintiff would produce, but merely that the responsive documentation would take some additional time for Plaintiff to collect and produce. Plaintiff's counsel made an initial supplemental

1

document production and served Defendant with supplemental discovery responses on March 31, 2025, and produced additional responsive documents on April 1, 2025. Plaintiff's supplemental responses and April 1st document productions addressed almost all of the outstanding discovery issues. However, because one of Plaintiff's April 1st supplemental productions that allegedly includes documents responsive to Duke's Request for Production Nos. 26 and 6 was produced at 2:30pm, Duke has not been able to confirm whether those such responsive documents are included in that production at the time of this filing. In addition to addressing those issues, Plaintiff's counsel also agreed to permit Duke to move forward with issuing subpoenas to Professor Hudson, Professor Gilbert, and Robert Jenkins without a protective order, so long as the cover letter for each subpoena referenced that the parties have moved for a protective order to limit communication about the Plaintiff's identification. Given the above, as of the filing of this status report, the following discovery remains outstanding:

1. Text messages between Plaintiff and his mother, or any other family members – Responsive to Duke's First Set of Requests for Production No. 26; <u>see also</u> Joint Status Report [DE 92] ¶ 5; Plaintiff represents that documents responsive to this request were produced to Duke on April 1st at 2:30.

2. Emails/other communications between Plaintiff and other professors regarding research opportunities and other positions with professors – Responsive to Duke's Third Set of Requests for Production No. 6; <u>see also</u> Joint Status Report [DE 92] ¶

14; Plaintiff represents that documents responsive to this request were produced to Duke on April 1st at 2:30; and

3. Communications and documents reflecting communications with any other person concerning the subject matter of this action and the matters described in the Complaint - Responsive to Duke's Third Set of Requests for Production No. 19; see also Joint Status Report [DE 92] ¶ 3.

Based on the representations of Plaintiff's counsel, Plaintiff will produce responsive documents to the above referenced requests within the next day.

In addition to the outstanding discovery noted above, Duke is also awaiting receipt of Plaintiff's medical records in response to the HIPAA releases that Plaintiff provided to Duke which Duke served on Plaintiff's various medical providers which are responsive to Duke's Request for Production No. 10, and Plaintiff's wage/tax records that are responsive to Duke's Request for Production No. 46. Plaintiff's counsel has represented that they have requested Plaintiff's wage/tax records from third parties and will immediately produce them to Duke upon receipt.

Therefore, subject to the Court's approval, and based on the Plaintiff's counsel's assurance that the above-referenced responses will be forthcoming, the Parties request that the hearing currently scheduled for April 2 be removed from the Court's calendar.

This 1st day of April, 2025.

/s/ Jordan Nicole Leslie Tenley  
Matthew R. Gambale  
N.C. State Bar No. 43359

/s/ Dixie. T. Wells  
Dixie T. Wells  
N.C. State Bar No. 26816

Jordan Nicole Leslie Tenley
N.C. State Bar No. 51787
Osborn Gambale Beckley & Budd PLLC
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
Phone: (919) 373-6422
Fax: (919) 578-3733
matt@counselcarolina.com
jordan@counselcarolina.com

Counsel for Plaintiff

Derrick C. Foard
N.C. State Bar No. 54183
Ellis & Winters LLP
300 North Greene Street, Suite 800
Post Office Box 2752
Greensboro, North Carolina 27402
Telephone: (336) 217-4193
Facsimile: (336) 217-4198
dixie.wells@elliswinters.com
derrick.foard@elliswinters.com

Counsel for Defendant Duke University