IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN DOE,

    Plaintiff,

v.

DUKE UNIVERSITY,

    Defendant.

1:23CV1099

ORDER

This matter comes before the Court on several Motions to Seal [Doc. #40, #60, #81, #84] filed by Defendant Duke University ("Duke"), seeking to file under seal certain statements and documents related to Plaintiff's medical treatment and condition.

When a request is made to seal judicial records, a court "'must comply with certain substantive and procedural requirements.'" Bayer Cropscience Inc. v. Syngenta Crop Protection, LLC, 979 F. Supp. 2d 653, 655 (M.D.N.C. 2013) (quoting Va. Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004)); see also Cochran v. Volvo Grp. N. Am., LLC, 931 F. Supp. 2d 725, 726–28 (M.D.N.C. 2013) (summarizing case law on motions to seal). "Procedurally, the Court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) consider less drastic alternatives to sealing; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives." Bayer, 979 F. Supp. 2d at 655 (internal quotation omitted) (citing Washington Post, 386 F.3d at 576).

With respect to the substantive requirements, the Court of Appeals for the Fourth Circuit has outlined the relevant standards:

> "It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." Doe [v. Pub. Citizen], 749 F.3d [246, 265 (2014)]. This right "derives from two independent sources: the common law and the First Amendment." Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004). Because there are two sources, the right protected by each varies.
>
> "The common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" Id. (quoting Stone [v. Univ. of Maryland Med. Sys. Corp.], 855 F.2d [178, 180 (1988)]. "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process[ ] or adjudicate substantive rights," such as when "they were filed with the objective of obtaining judicial action or relief." Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d at 290–91. The finding that a document is a judicial record guarantees only a presumption of access, however, and this presumption can be rebutted by a showing that "countervailing interests heavily outweigh the public interests in access." Rushford, 846 F.2d at 253. In conducting this balancing test, we consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984); see also United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995) (suggesting that "how the person seeking access intends to use the information" bears upon the "nature and degree of injury" from its disclosure).
>
> Unlike the common-law right, the First Amendment right of access extends only to certain judicial proceedings and records. Stone, 855 F.2d at 180. In particular, the right attaches to any judicial proceeding or record "(1) that has historically been open to the press and general public; and (2) where public access plays a significant positive role in the functioning of the particular process in question." Courthouse News Serv. v. Schaefer, 2 F.4th 318, 326 (4th Cir. 2021) (cleaned up) (calling this the "experience and logic" test). It also protects "materials submitted in conjunction with judicial proceedings that themselves would trigger the right of access." Doe, 749 F.3d at 267; Wash. Post, 807 F.2d at 390. Whenever a proceeding or document is protected by the First Amendment, "access may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Doe, 749 F.3d at 266 (quoting [In re] Wash. Post [Co.],

807 F.2d [383, 390 (4th Cir. 1986)]. Thus, while common-law protections are broad but shallow, First Amendment protections are narrower but deeper.

This is not the first time we have considered whether the First Amendment right of access applies to the summary judgment materials. In <u>Rushford v. New Yorker Magazine</u>, we held that the First Amendment protects the right to access summary judgment motions and documents "filed in connection with" those motions. 846 F.2d at 253. We began by recognizing that **the First Amendment does not prohibit a district court from limiting the disclosure of products of pretrial discovery.** <u>Id.</u> at 252; <u>see also</u> <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 32, 104 S. Ct. 2199, 81 L.Ed.2d 17 (1984). But we explained that "[o]nce the documents are made part of a dispositive motion, such as a summary judgment motion, they 'lose their status of being raw fruits of discovery.'" <u>Rushford</u>, 846 F.2d at 252 (quoting <u>In re "Agent Orange" Prod. Liability Litig.</u>, 98 F.R.D. 539, 544–45 (E.D.N.Y. 1983)). Unlike discovery, "summary judgment adjudicates substantive rights and serves as a substitute for a trial." <u>Id.</u> And because the public has a First Amendment right to attend criminal trials, <u>see</u> <u>Wash. Post</u>, 807 F.2d at 388, we found that the public has an equivalent right to access documents filed in connection with civil summary judgment motions, <u>Rushford</u>, 846 F.2d at 253; <u>see also</u> <u>Doe</u>, 749 F.3d at 268 (holding that the First Amendment also protects access to the judicial decision adjudicating a summary judgment motion). Before a court can limit the public's access to such documents, therefore, it must find that such a limitation is justified under the First Amendment. <u>Va. Dep't of State Police</u>, 386 F.3d at 578–79.

<u>United States ex rel. Oberg v. Nelnet, Inc.</u>, 105 F.4th 161, 170-72 (4th Cir. 2024) (emphasis added).

In this case, the documents at issue were filed in connection with the briefing on discovery-related motions. The information to be sealed was obtained during discovery, was submitted in connection with pretrial discovery-related motions, and was not submitted in opposition to or in support of the substance of any claim or defense. The information to be sealed involves Plaintiff's private medical records and deposition testimony of his treating physicians.

3

In the circumstances, the Court concludes that sealing is appropriate. The Court notes that the documents to be sealed are discovery materials filed in connection with pretrial discovery-related motions. Moreover, to the extent that a common law right of access applies, the documents to be sealed here contain personal medical information, the redactions have been made narrowly, and the Court finds no countervailing interests that would warrant disclosure at this time. In addition, the Court notes that the Motions to Seal were publicly filed on the docket, with sufficient time for objections, but no objections to sealing have been filed. Therefore, the Motions to Seal will be granted. The Court notes, however, that if this information is submitted and considered on dispositive motions, a separate First Amendment analysis would be required.

IT IS, THEREFORE, ORDERED that the Motions to Seal [Doc. #40, #60, #81, #84] are GRANTED, and the unredacted documents may remain under seal.

This, the 9th day of June, 2025.

/s/ Joi Elizabeth Peake
Joi Elizabeth Peake
United States Magistrate Judge