IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN DOE,                          )
                                   )
          Plaintiff,               )
                                   )
     v.                            )          1:23-cv-1099
                                   )
DUKE UNIVERSIY,                    )
                                   )
          Defendant.               )

**ORDER**

Presently before this court are three related motions to seal portions of the parties' briefs on Defendant's motion for summary judgment and exhibits attached thereto. (Docs. 103, 110, 113.) After careful consideration, and for the reasons stated herein, this court will grant these motions.[1]

Before sealing judicial records, the district court must give the public notice and a reasonable opportunity to challenge the request to seal. Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004); Doe v. Pub. Citizen, 749 F. 3d 246, 272 (4th Cir. 2014). Public notice is satisfied when the court dockets the request to seal "reasonably in advance of deciding the issue." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988) (cleaned up); see also Mears v.

---

[1] Defendant Duke University's Motion for Summary Judgment, (Doc. 99), remains under advisement with the court.

Atl. Se. Airlines, Inc., No. 12-CV-613, 2014 WL 5018907, at *2
(E.D.N.C. Oct. 7, 2014) ("The filing of a litigant's motion to
seal . . . is sufficient to provide public notice and
opportunity to challenge the request to seal."). Here, the
public has had notice of these three motions to seal, which have
been on the docket since June, (see Doc. 103), and August, (see
Docs. 110, 113), of last year. No objections have been filed.

The public has a right of access to judicial records.
Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). For
"materials filed in connection with a summary judgment motion,"
this right of public access derives from the First Amendment.
Pub. Citizen, 749 F.3d at 267. The First Amendment right of
access "yields only in the existence of a compelling
governmental interest that is narrowly tailored to serve that
interest." In re Application of the U.S. for an Order Pursuant
to 18 U.S.C. Section 2703(D), 707 F.3d 283, 290 (4th Cir. 2013)
(cleaned up). Although restricting the First Amendment right of
access generally requires a compelling governmental interest,
see Pub. Citizen, 749 F.3d at 266, courts have recognized that
individual interests may also be sufficiently compelling in this
context, see, e.g., United States v. Doe, 962 F.3d 139, 147–48
(4th Cir. 2020) (finding that a defendant's interest in
protecting his safety was "no less compelling in the First

- 2 -

Amendment context"); <u>Boone v. Bd. of Governors of Univ. of N.C.</u>, 395 F. Supp. 3d 657, 665 (M.D.N.C. 2019) (finding that a plaintiff's interest in maintaining the confidentiality of her medical records may overcome the First Amendment right of public access).

This case centers on an alleged sexual assault and allegations of subsequent discrimination and retaliation. (Doc. 108 at 1; <u>see</u> Doc. 1.)[2] Plaintiff alleges that he was subjected to discriminatory and retaliatory conduct by Defendant Duke University ("Duke") after a Duke faculty member sexually assaulted Plaintiff, who was a Duke Ph.D. student at the time, causing Plaintiff psychological trauma that "unraveled his academic career, his professional future, and his mental and physical health." (Doc. 108 at 1; Doc. 1 at 1–3.) The Magistrate Judge granted Plaintiff's Motion to Proceed Using a Pseudonym, (Doc. 77), finding Plaintiff's request "appropriate to preserve privacy in a matter of a sensitive and highly personal nature, [where] identification would pose a risk of additional mental harm to Plaintiff." (Doc. 89 at 3.)

The parties now move this court to seal portions of their briefs on Defendant's motion for summary judgment and certain

---

[2] All citations in this Order to documents filed with the court refer to page number located on the bottom right hand corner of the documents as they appear on CM/ECF.

exhibits attached thereto because they contain allegedly confidential "information related to Plaintiff's academic performance, accommodation requests, and the Title IX proceedings, including descriptions of the alleged sexual assault," that disclose Plaintiff's true identity or the identity of the professor who allegedly assaulted Plaintiff. (Doc. 103 at 1–3; Doc. 108 at 1–2; Doc. 110 at 1–4; Doc. 113 at 1–2.) Pursuant to Local Rule 5.4, the parties filed on the public docket redacted versions of their briefs, (Docs. 100, 109, 112), and accompanying exhibits, (Docs. 99-1 to 99-88; Docs. 109-1 to 99-100; Docs. 112-1 to 112-3), with the allegedly confidential information blacked out. The unredacted versions are filed under temporary seal. (Docs. 104, 111, 114; Docs. 104-1 to 104-90; Docs. 111-1 to 111-100; Docs. 114-1 to 114-3.)

After careful consideration, this court finds that Plaintiff has a compelling interest in preserving his privacy in this matter relating to information that is sensitive and highly personal. "Numerous district courts have recognized a plaintiff's interest in preserving privacy where the allegations concern sexual assault." Doe v. Doe, 649 F. Supp. 3d 136, 139 (E.D.N.C. 2023), aff'd 85 F.4th 206 (4th Cir. 2023). "The Fourth Circuit has recognized particular sensitivity in cases where the allegations involve 'intimate details' of 'sexual assault' and

- 4 -

the resultant trauma, and has noted that victims of such conduct have an 'interest in preserving privacy.'" <u>Doe v. Darden Restaurants, Inc.</u>, 736 F. Supp. 3d 297, 301 (D. Md. 2024) (quoting <u>Doe v. Sidar</u>, 93 F.4th 241, 248 (4th Cir. 2024)). This court determines that the parties have shown more than generalized or speculative claims of injury to reputation or relationships. <u>See</u> <u>Qayumi v. Duke Univ.</u>, No. 16-CV-1038, 2018 WL 2025664, at *3 (M.D.N.C. May 1, 2018). Further, this court finds that the requested sealing, though reaching more than a few exhibits and portions of the briefings, is sufficiently narrowly tailored. <u>See</u> <u>id.</u> at *5 ("[I]nformation concerning sexual assault victims that 'serves no useful public or investigative purpose' should remain sealed.'" (quoting <u>Wilmink v. Kanawha Cnty. Bd. of Educ.</u>, No. Civ.A. 03-0179, 2006 WL 456021, at *3 (S.D.W. Va. Feb. 23, 2006))). Accordingly, this court will grant the motions to seal.

**IT IS THEREFORE ORDERED** that Defendant's motion to seal, (Doc. 103), is **GRANTED**. The Clerk **SHALL** maintain under seal the brief filed at Doc. 104 and the accompanying exhibits filed at Docs. 104-1 to 104-90.

- 5 -

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal, (Doc. 110), is **GRANTED**. The Clerk **SHALL** maintain under seal the brief filed at Doc. 111 and the accompanying exhibits filed at Docs. 111-1 to 111-100.

**IT IS FURTHER ORDERED** that Defendant's motion to seal, (Doc. 113), is **GRANTED**. The Clerk **SHALL** maintain under seal the brief filed at Doc. 114 and the accompanying exhibits filed at Docs. 114-1 to 114-3.

This the 30th day of March, 2026.

_____
United States District Judge

- 6 -